IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDY J. SCHEER,

        Plaintiff,

v.                                                                                          Case No. 25-1161-JWB

EVERON, LLC,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Everon, LLC's motion to dismiss. (Doc. 11.) The motion is fully briefed and ripe for decision. (Docs. 5, 12, 13, 16.)[1] The motion is GRANTED for the reasons stated herein.

**I.    Facts**

On June 30, 2025, Andy J. Scheer ("Plaintiff") filed suit against Everon, LLC ("Defendant") in the 18th Judicial District Court of Sedgwick County, Kansas. (Doc. 5 at 2.) On July 23, 2025, Defendant timely removed the case to federal court. (Doc. 1.)

Plaintiff's factual recitation is brief. The following facts are taken from Plaintiff's complaint and assumed true for purposes of the motion. (Doc. 5 at 7–10.) Plaintiff alleges that on "March 4, 2025, Plaintiff was subjected to discriminatory practices by [Defendant] due to his

---

[1] In the instant case, a motion to dismiss (Doc. 11), a response to the motion to dismiss (Doc. 13), and a reply (Doc. 16) were filed. Consequently, the motion to dismiss was fully briefed at the time the reply was filed. However, after the reply was filed, Plaintiff filed a document entitled "REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS." (Doc. 17.) This document is a textbook example of a sur-reply and was filed without first requesting leave of court or explaining the "rare circumstances" justifying an additional filing. *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998). D. Kan. Rule 7.1c limits briefing on motions to: a motion (with supporting memorandum), a response, and a reply. Thus, the court will not consider it. *See Sallaj v. Feiner*, No. 23-CV-01172-EFM-BGS, 2024 WL 112303, at *2 (D. Kan. Jan. 10, 2024) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("Plaintiffs are not excused from following procedural rules—including local rules—simply because they choose to proceed pro se.").

1

defense of Breanna Johnson, who was a victim of sexual harassment at the company." (Doc. 5 at 8.) Plaintiff brings claims for failure to accommodate and disability discrimination "based on Plaintiff's veteran status" in violation of the Americans with Disabilities Act ("ADA"), the Kansas Act Against Discrimination ("KAAD"), and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). (*Id.*) However, Plaintiff admits he was "not an employee" of Defendant, and that he never sought employment with Defendant. (*Id.*)[2]

Plaintiff also alleges negligence and seeks compensatory damages of $300,000. (Doc. 5 at 9.) In support, Plaintiff's single allegation is that "Defendant failed to exercise reasonable care in maintaining a safe and non-discriminatory environment." (*Id.*) Finally, Plaintiff brings a claim for "false reporting and emotional distress." (*Id.*) In support, Plaintiff alleges that Defendant's employees "knowingly provided false information to law enforcement including misleading statements made during [a] 911 call . . . that caused emotional distress and reputational harm." (*Id.*)

Defendant moves to dismiss on the basis that Plaintiff has failed to plausibly allege the claims in his complaint. (Doc. 12.)

**II.     Standard**

To defeat a motion to dismiss, a complaint must contain enough facts to state a claim of relief that is plausible on its face to withstand a Rule 12(b)(6) motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). At the motion-to-dismiss stage, a reviewing judge accepts all well-

---

[2] Plaintiff asserts in his response that there are numerous collections of evidence in the "discovery record"—including "Video Surveillance Footage," "Dispatch Logs," and "Email Communications,"—that support his employment discrimination claim. (Doc. 13 at 1, 3, 8.) The court does not consider these generalized references to broad categories of materials, as they constitute conclusory assertions rather than specific factual support. Further, he never suggests that this evidence would show that he was an employee of or an applicant for a position with Defendant.

pleaded allegations in the complaint as true. *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). The reviewing judge also views all well-pleaded facts, and the reasonable inferences derived therefrom in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [its] complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.    Analysis**

    **A. Plaintiff's Employment-Related Discrimination Claims**

In liberally construing Plaintiff's complaint, the court understands his employment-related allegations to include claims of (1) disability discrimination under the ADA and KAAD, (2) disability discrimination "based on Plaintiff's veteran status" under the USERRA, and (3) failure to accommodate under the ADA. (Doc. 5 at 8.) In support, Plaintiff alleges that on "March 4, 2025, Plaintiff was subjected to discriminatory practices by [Defendant] due to his defense of Breanna Johnson, who was a victim of sexual harassment at the company." (*Id*.) The complaint

must, on its face, contain enough facts to state a claim of relief to withstand a motion to dismiss. *Robbins*, 519 F.3d at 1247 (citing *Twombly*, 550 U.S. at 563). Here, Plaintiff's employment-related discrimination claims do not and therefore must be dismissed.

First, the court dismisses Plaintiff's disability discrimination and failure to accommodate claims brought under the ADA and disability discrimination claim brought under the KAAD. The court need not dwell long on Plaintiff's employment-related claims, as Plaintiff was never employed by, nor sought employment from, Defendant. Specifically, 42 U.S.C. § 12112(a) states that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability." The statute defines "Qualified individual" as "an individual who . . . can perform the essential functions of the employment position that such individual *holds or desires*." 42 U.S.C. § 12111(8) (emphasis added). The KAAD has nearly identical provisions. The KAAD covers "employment relations," specifically "securing and holding, without discrimination, employment," which indicates the law protects both job seekers ("securing") and current employees ("holding"), analogous with the ADA's provisions. *See* Kan. Stat. Ann. § 44-1001; 1009 (West). Plaintiff admits he was "not an employee" of Defendant and has never sought employment with Defendant. (Doc. 5 at 8.) In other words, Plaintiff never held, desired, nor sought to secure employment from Defendant. Therefore, Plaintiff fails to state a claim upon which relief can be granted under the ADA and KAAD. *See*, *e.g.*, *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 136 (5th Cir. 2004) (holding that a student lacked standing to bring an employment discrimination claim under the ADA against an automotive mechanic school because the student was never employed); *Rosado v. Zuckerberg*, No. 1:21-CV-07840 (ALC), 2023 WL 5918055, at *3 (S.D.N.Y. Sept. 11, 2023) ("[B]ecause Plaintiff was not employed by Defendant and did not apply for employment with Defendant, Plaintiff lacks standing to assert an employment discrimination claim.").

4

Plaintiff's disability discrimination and failure to accommodate claims also fail because Plaintiff has not exhausted his administrative remedies, as is required to file such a claim. As for the KAAD, "[b]efore a plaintiff may litigate any KAAD claims in court, plaintiff must first receive an unfavorable determination from the [Kansas Human Rights Commission], file for reconsideration of that unfavorable determination and then receive a denial of the reconsideration application." *Davidson v. MAC Equipment Co.*, 878 F. Supp. 186, 189 (D. Kan. 1995) (citation omitted). *See* Kan. Stat. Ann. § 44–1010 ("No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration as herein provided."). As for the ADA, "a plaintiff must exhaust [his] claims before the EEOC as a prerequisite to federal court jurisdiction over [his] ADA claims." *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). *See* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's administrative exhaustion requirements, including the requirement to file a charge with the EEOC within specified time limits). In summary, Plaintiff lacks standing and did not exhaust his administrative remedies and thus all of his employment-related claims under the ADA and KAAD are dismissed.

Second, the court dismisses Plaintiff's disability discrimination claim based on his veteran status brought under the USERRA. The USERRA prohibits discrimination in employment on the basis of military service. 38 U.S.C. § 4301(a)(2)-(3). Specifically, USERRA creates liability both for failing to rehire someone after a period of military service, *id*. § 4312, and for discriminating against an employee because of their military service, *id*. § 4311. In that way, the USERRA differs from the ADA and KAAD in that it protects employees when they seek to be rehired and not just "hold or desire" employment. *See* 42 U.S.C. § 12111(8). Despite this distinction, Plaintiff's claims fail for the same reason—he was never an employee and thus is incapable of seeking

5

reemployment. (Doc. 5 at 8.) In summary, all of Plaintiffs employment-related claims under the USERRA are dismissed.

Finally, the court dismisses all of Plaintiff's employment-related claims with prejudice. The court notes that, generally, "pro se parties . . . should be given leave to amend." *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014). However, district courts may dismiss a pro se complaint with prejudice if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Thorman v. Bernalillo Cnty.*, 242 F.3d 390 (10th Cir. 2000) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997) (quotations omitted)). The defects in Plaintiff's complaint are patently obvious. All of Plaintiff's employment-related claims require that he was either employed, sought employment, or sought reemployment, none of which can become true by way of amendment. Because Plaintiff has failed to allege sufficient facts to show the essential elements of an employment discrimination claim, they are dismissed.

### B. Plaintiff's Negligence Claim

Plaintiff alleges negligence and seeks compensatory and punitive damages. (Doc. 5 at 9.) In support, Plaintiff states that "Defendant failed to exercise reasonable care in maintaining a safe and non-discriminatory environment." (*Id.*) To bring a claim for negligence, Plaintiff must establish: (1) the defendant owed a duty to the plaintiff; (2) the duty was breached; (3) the breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff sustained damages. *Adams v. Bd. of Sedgwick Cnty. Comm'rs*, 289 Kan. 577, 585–86 (2009). Whether a duty exists is a question of law. *Blalock v. SRKBS Hotel, LLC*, 726 F. Supp. 3d 1266, 1274 (D. Kan. 2024) (citing *Seibert v. Vic Regnier Builders, Inc.*, 253 Kan. 540, 856 P.2d 1332, 1338 (1993)).

Here, Plaintiff fails to plead any facts in his complaint which would show that Defendant

breached any duty. Even liberally construing Plaintiff's contention that Defendant failed to exercise reasonable care in maintaining a non-discriminatory work environment, he admits that he was never an employee, nor does he allege that he was an applicant. Moreover, Plaintiff does not allege any special relationship between himself and Defendant that might rise to the level of the existence of a duty. *See Blalock*, 726 F. Supp. at 1291–93 (explaining that a special relationship exists between a business-owner and patron or the possessor of land).

The facts pled do not show that Defendant owed Plaintiff a duty of care or, much less, that a duty of care was breached. Plaintiff also does not explain how he is injured other than to say he experienced "emotional distress, reputational harm, and financial loss due to Defendant's actions." (Doc. 5 at 9.) Finally, Plaintiff does not connect his injury to a breach of duty. Such conclusory allegations have no bearing upon the court's consideration. *Shero*, 510 F.3d at 1200. Because Plaintiff has failed to allege sufficient facts to show the essential elements of a negligence claim, it is dismissed.

### C. Plaintiff's "False Reporting and Emotional Distress" Claim

Finally, Plaintiff brings a claim for "false reporting and emotional distress." (Doc. 5 at 9.) In support, Plaintiff alleges that Defendant's employees "knowingly provided false information to law enforcement including misleading statements made during 911 call . . . that caused emotional distress and reputational harm." (*Id.*) The court interprets this abrupt allegation as Plaintiff alleging a claim of defamation. To succeed in a defamation claim, a plaintiff must show (1) false and defamatory words, (2) communicated to a third person, (3) which result in harm to the reputation of the person defamed. *Caranchini v. Peck*, 355 F. Supp. 3d 1052, 1063 (D. Kan. 2018). Plaintiff offers no facts in support of this claim. Such unsupported, conclusory statements are not

considered by the court and must be dismissed. Therefore, Defendant's motion to dismiss is granted as to this claim.

In conclusion, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. Here, Plaintiff has done nothing more than offer conclusory allegations without supporting factual averments, thereby demanding dismissal.

## IV.  Conclusion

THEREFORE, Defendant's motion to dismiss, (Doc. 11), is GRANTED. Plaintiffs' pending motion, (Doc. 18), is dismissed as moot.

IT IS SO ORDERED. Dated this 3rd day of October, 2025.

                                                           _s/ John W. Broomes_
                                                           JOHN W. BROOMES
                                                           CHIEF UNITED STATES DISTRICT JUDGE