IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDY J. SCHEER,

        Plaintiff,

v.                                             Case No. 25-1161-JWB

EVERON, LLC,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. 23.) The motion is fully briefed and ripe for decision. (Docs. 24, 25[1].) The motion is DENIED for the reasons stated herein.

**I.    Facts**

On June 30, 2025, Andy J. Scheer ("Plaintiff") filed suit against Everon, LLC ("Defendant") in the 18th Judicial District Court of Sedgwick County, Kansas. (Doc. 5 at 2.) On July 23, 2025, Defendant timely removed the case to federal court. (Doc. 1.)

Proceeding pro se, Plaintiff alleges that Defendant discriminated against him due to "his defense of Breanna Johnson." (Doc. 5 at 8.) Plaintiff alleges claims under the Americans with Disabilities Act ("ADA"), the Kansas Act Against Discrimination ("KAAD"), and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). (*Id*.) However, Plaintiff

---

[1] Plaintiff's reply (Doc. 25) seeks relief that is inappropriate at this stage of the proceedings. Specifically, Plaintiff requests that this court remand this action to state court, obtain the docket from the state proceedings from which this case was removed, grant Plaintiff an unstated accommodation request, order discovery, and sanction Defendant's counsel. Due to the decision herein, the court declines to entertain these vague, conclusory requests.

admits he was "not an employee" of, nor sought employment with, Defendant. (*Id*.) Additionally, Plaintiff brought claims of negligence and "false reporting and emotional distress." (*Id*. at 9.)

On July 30, 2025, Defendant filed a motion to dismiss for failure to state a claim. (Doc. 11.) That motion was fully briefed, and the undersigned held that Plaintiff's complaint failed to sufficiently state a claim. (Doc. 21.) One week after judgment was entered pursuant to the order to dismiss, Plaintiff moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1)-(3).

## II.  Standard

"Relief under Rule 60(b) is extraordinary and may only be granted under exceptional circumstances." *Soc'y of Lloyd's v. Bennett*, 182 F. App'x 840, 844 (10th Cir. 2006). Rule 60(b) permits relief from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud[,] ... misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." *See Tyner v. Probasco L., P.A*., No. 20-2632-EFM, 2022 WL 2802318, at *1 (D. Kan. July 18, 2022) (citing Fed. R. Civ. P. 60(b)). A party may not use Rule 60 to revisit the same issues already addressed. *Id*.

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.  Analysis

Plaintiff seeks relief from dismissal under Rule 60(b) due to (1) mistake or inadvertence, (2) newly discovered evidence, and (3) fraud, misrepresentation, or misconduct. (Doc. 23 at 1–2.)

First, to show dismissal was a result of a mistake, Plaintiff must identify "obvious errors of law, apparent on the record." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (citing source omitted). Courts are encouraged to liberally construe 60(b)(1) motions to ensure a case is decided on the merits. *See Greenwood Expls., Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988). Plaintiff has failed to identify any such error.

Here, Plaintiff's sole argument is that "the Court failed to consider Plaintiff's role as a designated support person for an Everon employee involved in a protected activity." (Doc. 23 at 1–2.) While Plaintiff does not explain the legal significance of being "designated support person," it is clear that Plaintiff is advancing an argument that was available when the motion to dismiss (Doc. 11) was briefed. This is not allowed. *See Van Skiver*, 952 F.2d at 1244 ("'[A]dvanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original [dispositive] motion was briefed' is . . . inappropriate.") (quoting source omitted). Plaintiff has not made a showing that there was any mistake.

Second, to obtain relief on the basis of new evidence, Plaintiff must show that "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005). This standard is the same when Plaintiff seeks "relief from an order dismissing the case." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

Here, Plaintiff submits four exhibits as "new evidence": (1) a Social Security Administration (SSA) Benefit Verification Letter; (2) a SSA Statement of Benefits; (3) Wichita Police Department (WPD) Incident Report 25C039330; and (4) WPD Incident Report 25C036416.

3

(Docs. 23-1, 23-2, 23-3, 23-4.)  First, Plaintiff has not identified new evidence, as these documents were previously mentioned either in Plaintiff's complaint or in his briefs responding to Defendant's motion to dismiss.  (Docs. 5, 13, 17.)  Second, this allegedly new evidence, which Plaintiff contends establishes that Plaintiff has a disability under the Social Security rules, that Breanna Johnson was involved in a workplace dispute, and that Plaintiff trespassed on Defendant's property, is not material to the instant matter.  In other words, reviewing all of Plaintiff's "new evidence" would not produce a different result.  Thus, Plaintiff cannot obtain relief on the grounds that new evidence exists, even if this court were to accept his contention that it is newly discovered.

Lastly, to obtain relief based on fraud, misrepresentation, or misconduct, Plaintiff must show "clear and convincing proof of fraud, misrepresentation, or misconduct."  *Campbell v. Meredith Corp.*, 345 F. App'x 323, 326 (10th Cir. 2009) (citing *Zurich N. Am.*, 426 F.3d at 1290). The "challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial."  *Id*.

Here, Plaintiff contends that Defendant misrepresented the nature of the case and Plaintiff's relationship with the Defendant to the court.  In support of this contention, Plaintiff offers alleged examples that Defendant: (1) made false claims about Plaintiff; (2) omitted exculpatory evidence; (3) mischaracterized Plaintiff's disability; and (4) mislabeled the matter as an employment dispute to justify removal.  (Doc. 23 at 2.)  However, Plaintiff provides no support for these contentions other than listing the above allegations.  Such assertions are conclusory statements that are wholly unsupported, and thus the court is justified in ruling that they "have no bearing upon the court's consideration."  *Kidd-Fields v. Glanzer*, No. 24-2348-JWB, 2024 WL 4751402, at *1 (D. Kan. Nov. 12, 2024).

Liberally construed, Plaintiff's motion fails to raise any basis under Rule 60(b) that would support relief from the judgment entered in this case because his motion appears to largely reiterate the same assertions that were raised and rejected previously. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (explaining that a Rule 60(b) motion is not an appropriate vehicle to "revisit[] the original issues" or "to advance new arguments or supporting facts that were available but not raised at the time of the original argument").

### IV.   Conclusion

THEREFORE, Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), (Doc. 23), is DENIED.

IT IS SO ORDERED.  Dated this 10th day of November, 2025.

                                                                          s/ John W. Broomes  
                                                                          JOHN W. BROOMES  
                                                                          CHIEF UNITED STATES DISTRICT JUDGE